TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0105-KB

INQUIRY COMMISSION                                                   MOVANT


V.                                  IN SUPREME COURT


BETHANY L. STANZIANO-SPARKS                              RESPONDENT


## OPINION AND ORDER

This matter originally was filed before us as the Inquiry Commission's Petition for Temporary Suspension of Bethany L. Stanziano-Sparks[1] pursuant to SCR[2] 3.165(1)(b) and (d). Since that filing in March 2022, the Commonwealth's Attorney, 29th Judicial Circuit, has filed notice of Stanziano-Sparks' guilty plea to a criminal felony. We therefore issue the following Opinion and Order memorializing Stanziano-Sparks' suspension from the practice of law.

### Factual Background

In March 2022, the Inquiry Commission filed its Petition for Temporary Suspension of Stanziano-Sparks under SCR 3.165 alleging probable cause

---

[1] Stanziano-Sparks was admitted to the practice of law in 2006. Her Bar Roster address is 414 Public Square, Columbia, Kentucky 42728, and her bar member number is 91179.

[2] Kentucky Rules of Supreme Court.

existed that her conduct poses a substantial risk of harm to her clients or the public, and/or that she is addicted to intoxicants or drugs and does not have physical or mental fitness to continue to practice law. The Petition was based, in large part, on the affidavit of Judge Samuel T. Spalding, 11th Judicial Circuit, that Stanziano-Sparks appeared in court for a scheduled jury trial and was under the influence of illegal substances or drugs. Judge Spalding averred that Stanziano-Sparks refused multiple requests to submit to a drug screen.

Following the filing of the Petition, this Court, on March 29, entered an Order to Show Cause as to why Stanziano-Sparks should not be suspended from the practice of law. Her response was due on or before April 18. Stanziano-Sparks did not file a response.

Next, by letter dated April 27, 2022, Brian Wright, Commonwealth's Attorney for the 29th Judicial Circuit, Adair and Casey Counties, filed notice that Stanziano-Sparks had entered a guilty plea on April 26 to the following criminal offenses with indicated sentences:

> Possession of a Controlled Substance in the First Degree, First Offense (methamphetamine), a Class D felony, two-year sentence with a recommendation of pretrial diversion for three years;
>
> Possession of Marijuana, a Class B misdemeanor, thirty-day sentence, probated for two years; and
>
> Possession of Drug Paraphernalia, a Class A misdemeanor, twelve-month sentence, probated for two years.

Commonwealth's Attorney Wright attached copies of pertinent pleadings in Stanziano-Sparks' case, *Commonwealth v. Stanziano*, Adair Circuit Court, Docket No. 22-CR-00112, including Order Granting Pretrial Diversion of a Class D Felony and Misdemeanor Judgment. The Pretrial Diversion Order and

2

Misdemeanor Judgment were both signed by Adair Circuit Judge Judy D. Vance Murphy.

SCR 3.166(1) provides:

Any member of the Kentucky Bar Association who pleads guilty to a felony, including a no contest plea or a plea in which the member allows conviction but does not admit the commission of a crime, or is convicted by a judge or jury of a felony, in this State or in any other jurisdiction, shall be automatically suspended from the practice of law in this Commonwealth. "Felony" means an offense for which a sentence to a term of imprisonment of at least one (1) year is authorized by law. The imposition of probation, parole, diversion or any other type of discharge prior to the service of sentence, if one is imposed, shall not affect the automatic suspension. The suspension shall take effect automatically beginning on the day following the plea of guilty or finding of guilt by a judge or jury or upon the entry of judgment whichever occurs first. The suspension under this rule shall remain in effect until dissolved or superseded by order of the Court. Within thirty (30) days of the plea of guilty, or the finding of guilt by a judge or jury, or entry of judgment, whichever occurs first, the suspended attorney may file a motion with the Clerk of the Supreme Court of Kentucky setting forth any grounds which the attorney believes justify dissolution or modification of the suspension.

We take notice that Stanziano-Sparks pled guilty to Possession of a Controlled Substance in the First Degree, First Offense (methamphetamine), a Class D felony, on April 26, 2022. No motion has been filed to dissolve or modify the suspension pursuant to SCR 3.166(1).

**Order**

1. Respondent, Bethany L. Stanziano-Sparks, having been automatically suspended from the practice of law in this Commonwealth on April 27, 2022, incident to her felony conviction, this Order is entered to memorialize such suspension for the purpose of notice to the members of the legal community and to the public.

3

2. Pursuant to SCR 3.166(1), Stanziano-Sparks' suspension shall remain in effect until dissolved or superseded by order of this Court.

3. To the extent that she has not already done so, Stanziano-Sparks shall, under this rule, notify all clients in writing of her inability to continue to represent them and shall furnish copies of all such letters to the Director of the Kentucky Bar Association. These notices shall be mailed or emailed to the respective clients within ten (10) days or the entry of this Order, if not already mailed. Stanziano-Sparks shall make arrangements to return all active files to the client or new counsel and shall return all unearned attorney fees and client property to the client and shall advise the Director of such arrangements within the ten (10) day period.

All sitting. All concur.

ENTERED: September 22, 2022.

_____
CHIEF JUSTICE

4